1
2
3
4
5
6
7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 2 0 2012

CENTRAL DISTRICT OF CALIFORNIA
SHY                              DEPUTY

8       UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA

10      WESTERN DIVISION

11

12  HENRY LEON NEWMAN,                )  Case No.  CV 12-10553 JAK (AN)
                                      )
13          Petitioner,               )  **ORDER TO SHOW CAUSE RE
                                      )  DISMISSAL OF PETITION FOR
14      v.                            )  WRIT OF HABEAS CORPUS BY A
                                      )  PERSON IN STATE CUSTODY AS
15  M. E. SPEARMAN, Warden,           )  TIME-BARRED**
                                      )
16          Respondent.               )
                                      )
17  _____   )

18                          **I. BACKGROUND**

19          Before the Court is a petition for writ of habeas corpus ("Petition") brought by

20  Henry Leon Newman ("Petitioner"), a state prisoner proceeding *pro se*. Petitioner is

21  currently incarcerated at the Correctional Training Facility in Soledad, California

22  serving a 21-year sentence pursuant to an April 22, 2005 conviction in the California

23  Superior Court for Los Angeles County of voluntary manslaughter with the personal use

24  of a firearm (case no. NA061974). The Petition is brought pursuant to 28 U.S.C. § 2254

25  and raises ten claims directed at his conviction and sentence.

26          For the reasons set forth below, Petitioner is ordered to show cause why his

27  Petition should not be dismissed with prejudice because it is time-barred.

28

## II. DISCUSSION

**A.    Standard of Review**

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.    Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///
///

1    The face of the Petition and relevant state court records[1] establish the following
2    relevant facts. Petitioner was convicted of the above offense on April 22, 2005, and
3    sentenced on May 25, 2005. On January 15, 2009, the California Court of Appeal
4    affirmed the judgment (case no. B205677).[2] The California Supreme Court then denied
5    review of the court of appeal's decision on April 1, 2009 (case no. S170741). (Pet. at
6    3; state court records.) Petitioner does not appear to have filed a petition for certiorari
7    with the United States Supreme Court challenging the California Supreme Court's April
8    1, 2009 denial of review.

9    Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment
10   became final on June 30, 2009, the ninetieth day after the state high court denied his
11   petition for review and the last date for him to file a petition for certiorari with the
12   Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of
13   limitations then started to run the next day, on July 1, 2009, and ended a year later on
14   July 1, 2010. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243,
15   1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the
16   triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file

17

18   [1]   The Court takes judicial notice of Petitioner's records in the state appellate
19   courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov
     ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002)
20   (federal habeas courts may take judicial notice of relevant state court records),
21   *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir.
     2012).

22   [2]   The state court of appeal originally affirmed Petitioner's judgment and
23   sentence on October 20, 2006 (case no. B183515). Subsequently, the United States
24   Supreme Court vacated the judgment and remanded the case for further consideration
     of Petitioner's upper term sentence in light of *Cunningham v. California*, 549 U.S.
25   270, 127 S. Ct. 856 (2007). After remand, on September 20, 2007, the state court of
26   appeal found one of the trial court's findings at sentencing violated *Cunningham*, and
27   remanded to the trial court for resentencing. Petitioner was then resentenced and
     appealed again, leading to the court of appeal's final decision affirming the sentence
28   on January 15, 2009. (State court records.)

1   his pending Petition until December 3, 2012 -- 886 days (approximately 2 years and 5
2   months) after the expiration of the limitations period.[3] Accordingly, absent some basis
3   for tolling or an alternative start date to the limitations period under 28 U.S.C. §
4   2244(d)(1), the pending Petition is time-barred.

5   **C.   Statutory Tolling**

6       AEDPA includes a statutory tolling provision that suspends the limitations period
7   for the time during which a "properly-filed" application for post-conviction or other
8   collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*,
9   548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir.
10  2005). An application is "pending" until it has achieved final resolution through the
11  state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134
12  (2002). However, to qualify for statutory tolling, a state habeas petition must be filed
13  before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*, 321
14  F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the
15  limitations period that has ended before the state petition was filed."); *see also Webster*
16  *v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed
17  following the expiration of the limitations period cannot toll that period because there
18  is no period remaining to be tolled.").

19      The face of the Petition and relevant state court records establish Petitioner filed
20  three state habeas petitions, two in the court of appeal (case nos. B229659, B230568)
21  and one in the California Supreme Court (case no. S191690). However, the first of those

22  _____

23      [3]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition
24  is deemed to be filed on the date the prisoner delivers the petition to prison authorities
    for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379
25  (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule
26  3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary,
    the Court finds Petitioner constructively filed the Petition by delivering it to the prison
27  mail system on December 3, 2012, the postmark date reflected on the envelope
28  containing the Petition.

1  petitions was not filed until December 23, 2010, 175 days after the limitations period
2  expired on July 1, 2010. As a result, Petitioner is not entitled to any statutory tolling.
3  *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

4      Petitioner's state court records also establish that he filed two petitions for writ
5  of mandate in the state court of appeal before his conviction became final for AEDPA
6  purposes (case nos. B204523, B206829). Those petitions have no bearing on the
7  timeliness of the pending Petition for two reasons. First, there is nothing to show either
8  petition directly challenged Petitioner's judgment of conviction. See CAL. CIV. PROC.
9  CODE § 1085 (a writ of mandate may be issued by any California court to compel the
10 performance of nearly any legally required act); *see also Hodge v. Greiner*, 269 F.3d
11 104, 107 (2d Cir. 2001) (the petitioner was not entitled to statutory tolling for a state
12 court motion that "did not challenge his conviction. Rather, it sought material he
13 claimed might be of help in developing such a challenge, . . . ."); *Johnson v. Lewis*, 310
14 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) (the petitioner was not entitled to statutory
15 tolling for a petition for writ of mandate because it sought the return of property seized
16 during his arrest and was not directed at his underlying conviction and sentence).
17 Second, even if one or both petitions had challenged Petitioner's conviction, they were
18 both filed and denied before the limitations period began running. *See Tillema v. Long*,
19 253 F.3d 494, 498 (9th Cir. 2001) (state collateral review motion filed before the
20 AEDPA limitations period commenced qualified for tolling only because it was still
21 pending after the limitations period began), *abrogated on other grounds as recognized*
22 *in Ford v. Pliler*, 590 F.3d 782, 789 n.3 (9th Cir. 2009); *cf. Thorson v. Palmer*, 479 F.3d
23 643, 646 (9th Cir. 2007) (the limitations period is not tolled between the time a final
24 decision is issued on direct state appeal and the time a state collateral challenge is filed
25 because there is no case "pending" during that interval).

26     The Petition and state court records establish Petitioner is not entitled to any
27 statutory tolling.

28 ///

**D.      Alternative Start of the Statute of Limitations**

     **1.      State-Created Impediment**

     In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

     **2.      Newly Recognized Constitutional Right**

     AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

     **3.      Discovery of Factual Predicate**

     AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). However, "[s]ection 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended." *Ford*, 683 F.3d at 1235 (internal quotation marks and citations omitted). Notably, the statute of limitations begins to run under § 2244(d)(1)(D) only when the factual predicate of a claim <u>could have</u> been discovered through the exercise of due diligence, but "not when it actually was discovered." *Id.* Moreover, the "due diligence"

1   clock starts ticking when a person knows or through diligence could discover the vital
2   facts, regardless of when their legal significance is actually discovered. *Id.*

3       In the body of his voluminous filing, Petitioner claims he received a copy of his
4   criminal history record on April 11, 2011, and that this "newly discovered evidence"
5   refutes a 2001 minute order that ostensibly erroneously documented a portion of his
6   criminal history. (Attach. #3 at 9.[4/]) However, he fails to provide any explanation why,
7   and it does not appear even remotely possible, he would have discovered his own
8   criminal history so many years after his latest conviction through the exercise of due
9   diligence. *See Ford*, 683 F.3d at 1236. Indeed, his own attachments establish he did not
10  make a request for the relevant records until February 10, 2011. (Attach. #4 at 1.)
11  The Petition does not set forth adequate facts for an alternate start date of the limitations
12  period based upon the late discovery of the factual predicate for any of Petitioner's
13  claims.

14  **E.    Equitable Tolling**

15      AEDPA's limitations period "is subject to equitable tolling in appropriate cases."
16  *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). Specifically, "a litigant
17  seeking equitable tolling bears the burden of establishing two elements: (1) that he has
18  been pursuing his rights diligently, and (2) that some extraordinary circumstance stood
19  in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence*
20  *v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

21      However, "[e]quitable tolling is justified in few cases" and "the threshold
22  necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions

23

24
    [4/]    The Court generously refers to Petitioner's conglomeration of pages, many
25  of which are irrelevant to his claims, as voluminous and disorganized. In an effort to
26  provide some semblance of clarity and convenience, and because Petitioner has not
    consecutively numbered his pages as required by Local Rule 11-3.3, the Court uses
27  the pagination furnished by its CM-ECF electronic document filing system. That
28  system divides his filing into ten parts, the Petition and nine attachments.

1  swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting*

2  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we

3  do not require [the petitioner] to carry a burden of persuasion at this stage in order to

4  merit further investigation into the merits of his argument for [equitable] tolling," *Laws*

5  *v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply

6  developed, and where it indicates that the [alleged extraordinary circumstance did not]

7  cause the untimely filing of his habeas petition, a district court is not obligated to hold

8  evidentiary hearings to further develop the factual record, notwithstanding a petitioner's

9  allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also*

10  *Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is

11  sufficient to permit the district court - and us on appeal - to evaluate the strength of the

12  petitioner's [equitable tolling] claim, the district court does not necessarily abuse its

13  discretion if it denies the petitioner a hearing.") (cited pursuant to Ninth Circuit Rule

14  36-3).

15        The Petition does not set forth any facts for equitable tolling.

16                              **O R D E R**

17        Based on the foregoing, the Court finds this action is untimely. Accordingly,

18  Petitioner shall have until **January 8, 2013**, to file a written response and show cause

19  why his Petition should not be dismissed with prejudice because it is time-barred. In

20  responding to this Order, Petitioner must show by declaration and any properly

21  authenticated exhibits what, if any, factual or legal basis he has for claiming that the

22  Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations

23  should be tolled, or the start date extended.

24        **Petitioner is warned that if a timely response to this Order is not made,**

25  **Petitioner will waive his right to respond and the Court will, without further**

26  **notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

27  ///

28  ///

1      Further, if Petitioner determines the Court's analysis is correct and the

2  Petition is time-barred, he should consider filing a Request For Voluntary

3  Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.

4

5      IT IS SO ORDERED.

6

7

8  DATED: December 20, 2012

9                                              ARTHUR NAKAZATO
                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28